UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ANN COFFEY, | Case No. 2:21-cv-258 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| | U.S. District Judge |
| v. | |
| CITY OF FREEPORT, et al., | |
| Defendants | |

_____/

**REPORT AND RECOMMENDATION**

**I.    Introduction**

Plaintiff Ann Coffey filed suit on December 30, 2021. (ECF No. 1.) The Court granted Coffey *in forma pauperis* status on January 3, 2022, allowing Coffey to proceed without prepayment of filing fees. (ECF No. 6.) As a result, the Court must undertake an initial review of the complaint to determine whether this matter should proceed.

Coffey asserts that on January 2, 2020, certain Defendants[1] gave her minor

---

[1]    Coffey names an incredible forty Defendants in her complaint, including the following: the City of Freeport, Illinois; the City of Bay View, Michigan; Munson Healthcare; Spectrum Health; Unknown Party #1 ("Individual Members of Bay View"); Mike Spencer; Jake Porath; Tony Presly; Eric Breisach, Esq.; the Plunkett Cooney law firm; Robert A. Callahan, Esq.; Michael S. Bogren, Esq.; Aimee S. Murphy, Esq.; Donald Neidzweicki, Esq.; the City of Munson, Michigan; Michael J. Daray, Esq.; Cari Greiner; Jason Schumer; Mark Alan Miller; Amanda Deering; Jason McCalib; Tamella P. Livengood; Katharine E. Venner; (24) Unknown Party #2 ("Terri works at Munson"); Kimberly Schaub; Emma Smith; Munson Security; Rhonda Buchanan; Kelly Rose; Lisa Leavenworth; Phlavia Ross; Behere Aniruddh, M.D.; Erica Gudelsky; Thomas Sapp, M.D.; Unknown Owen; Unknown Party #3 ("Second Spectrum Health . . . Police Authorized Police Officer"); Deborah L. McNabb;

1

son a concussion, falsified medical records, perpetuated a false narrative, and failed to adequately manage an "OGC".[2] (ECF No. 1, PageID.4, 9.) Coffey further asserts that while at a restaurant with her family in Grand Rapids, Michigan on January 3, 2020, additional Defendants kidnapped Coffey's children, brutally twisted her arm, and falsely imprisoned her and her husband. (*Id.*) In doing so, Coffey says Defendants violated her rights under the Health Insurance Portability and Accountability Act (HIPAA) as well as other federal law that she does not specifically identify.[3] (*Id.*, PageID.3-4.) She claims that the violations resulted in physical injury to her arm and "immeasurable and unquantifiable emotional pain and suffering." (*Id.*, PageID.5.) Coffey says that she is suing, among others, federal and state officials who were acting under the color of state or federal law when they violated her rights. (*Id.*, PageID.3.) She sues those Defendants in their individual and official capacities. (*Id.*) She seeks millions of dollars in damages. (*Id.*, PageID.7-8.)

---

Spectrum Police; Unknown Coleman; and Unknown Party #4 ("blond haired laughing elderly lady in white clinic jacket").

[2]   Coffey does not define "OGC" in her complaint. However, from what the undersigned can discern, Coffey is referring to an oculogyric crisis — "an acute dystonic reaction characterized by spasmodic deviations of the eyes . . . lasting for a few minutes to several hours." Naresh Nebhinani & Navratan Suthar, *Oculogyric Crisis with Atypical Antipsychotics: A Case Series*, 59 Indian J. Psychiatry 499, 499 (2017). OGCs are often associated with the use of antipsychotic pharmaceuticals. *Id.*

[3]   In the portion of her form complaint dedicated to listing the federal constitutional or statutory rights that Coffey believes state or local officials violated, Coffey lists: "1) the kidnapping of plaintiff's minor children under the color of law, 2) violation of plaintiff's constitutionally guaranteed rights, 3) violation of HIPPA [sic] & privacy rights, 4) failure to competently diagnose, manage, & treat an emergency, 5) personal injury, [and] 6) causation of physical and emotional pain + suffering." (ECF No. 1, PageID.3.) In the portion of her complaint dedicated to listing the federal constitutional or statutory rights that Coffey believes federal officials violated, Coffey lists violations of HIPAA and her privacy rights. (*Id.*, PageID.3-4.)

2

The undersigned respectfully recommends that the Court dismiss Coffey's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. Coffey fails to mention the majority of Defendants in her factual allegations. With regards to those she does mention, Coffey either fails to set forth specific conduct giving rise to her claims, fails to set forth the federal statutory or constitutional rights they violated, or fails to demonstrate that they were acting under the color of state or federal law. To the extent that Coffey seeks to assert state law claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction.

## II.     Factual Allegations

Coffey's complaint makes it nearly impossible to discern the context of her claims. Her factual allegations span mere paragraphs, set forth below:

> Plaintiff's minor children were kidnapped under the color of law by Lisa Leavenworth and her accomplice Phlavia Ross in the restaurant. The restaurant had anywhere from 50 to 75 people in it (customers & staff)[.] Spectrum police brutally twisted Plaintiff's left arm. Lisa Leavenworth relied upon a blond haired elderly lady who was wearing a white coat (apparently an employee of Spectrum) to provide orders for the kidnapping to Spectrum police. The blond haired elderly lady, quite sociopathically, was laughing while she witnessed the horrifying kidnapping event in the restaurant.
> On Thursday January 2, 2020 Spectrum Police Officer "Owen" brutally gave my minor son a concussion after being persuaded to do so by Erica Gudelsky. Erica Gudelsky wrote lies into a HIPPA [sic] protected record further perpetuating a false narrative piled on top of the Munson false narrative. Thomas Sapp MD failed to adequately manage and cause an OGC which went undiagnosed & untreated.
> False imprisonment of Plaintiff + husband by Spectrum Police.

(ECF No. 1, PageID.4, 9.) Under her claim for relief, Coffey further states that Defendant Leavenworth "sociopathically [told Coffey's] children (only 24 hours before

3

they were released back to [Coffey] via court order) that they would not see their parents for several years." (*Id.*, PageID.5.) Coffey alleges that these statements made her children "cry uncontrollably" and that Leavenworth proceeded to smile at them. (*Id.*)

### III. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

4

When, as here, the plaintiff proceeds pro se, the Court must read the complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### a. Fair Notice

As an initial matter, the undersigned notes that Coffey mentions only nine of the forty Defendants in her factual allegations. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each

5

defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Because Coffey fails to make any mention of them in her factual allegations, the undersigned respectfully recommends that the Court dismiss any claims against the following Defendants: the City of Freeport, the City of Bay View, Munson Healthcare, Spectrum Health, Unknown Party #1, Spencer, Porath, Presly, Breisach, Plunkett Cooney, Callahan, Bogren, Murphy, Neidzweicki, Daray, Greiner, Schumer, Miller, Deering, McCalib, Livengood, Venner, Unknown Party #2, Schaub, Smith, Munson Security, Buchanan, Rose, Aniruddh, McNabb, and Coleman.

The undersigned must now consider whether Coffey has set forth factual allegations against Leavenworth, Ross, Unknown Party #4, Gudelsky, the City of Munson, Unknown Party #3, Officer Owen, Spectrum Police, or Sapp sufficient to state a claim against them.

### b. § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, a plaintiff bringing suit under § 1983 must identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Coffey first alleges that Leavenworth kidnapped her minor son. (ECF No. 1, PageID.4, 9.) According to Coffey, Ross served as Leavenworth's accomplice in the kidnapping, and Leavenworth relied on Unknown Party #4 to provide orders to the Spectrum Police, who effectuated the kidnapping. (*Id.*) These allegations fail to state a claim against Leavenworth, Ross, or Unknown Party #4 for several reasons. First, mere conclusory allegations are insufficient to state a claim. *Ashcroft*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") Coffey alleges that these Defendants worked together to kidnap her son but gives no indication of the specific actions taken by each party. Second, Coffey does not show that Leavenworth, Ross, or Unknown Party #4 were acting under the color of state law. Third and finally, the Federal Kidnapping Act does not create a private right of action. *Harnden v. Croswell-Lexington Cmty. Sch.*, No. 15-CV-12738, 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016). And Coffey's complaint does not provide an alternative source of substantive rights.

In addition to claiming that Leavenworth kidnapped her children, Coffey asserts that Leavenworth told Coffey's children that they would not see their parents for several years in order to cause them pain and suffering. (ECF No. 1, PageID.5.)

7

Once again, Coffey has not shown that that Leavenworth was acting under the color of state law, nor has she set forth a federal statutory or constitutional right that Leavenworth violated.[4]

Coffey next claims that Defendant Gudelsky "wrote lies into a HIPPA [sic] protected record further perpetuating a false narrative piled on top of the Munson false narrative." (*Id.*, PageID.4, 9.) As an initial matter, the undersigned notes that this is the only mention of the City of Munson in Coffey's allegations. The simple assertion that Munson constructed a false narrative is plainly insufficient to state a claim. Coffey provides no indication of how the City of Munson constructed a false narrative nor what federal rights the City violated in doing so. With regards to Gudelsky, Coffey again fails to allege specific conduct giving rise to a violation of her federal rights or show that Gudelsky is a state actor. And although Coffey asserts violations of HIPAA, HIPAA does not create a private right enforceable through § 1983. *Taylor v. Washington*, No. 2:20-CV-174, 2021 WL 959270, at *4 (W.D. Mich. Mar. 15, 2021).

Coffey goes on to allege that on January 2, 2020, Gudelsky persuaded Owen to give her son a concussion. (ECF No. 1, PageID.4, 9.) Coffey says that Owen was an Officer with the Spectrum Police. In other circumstances, the undersigned might liberally construe Coffey's complaint as setting forth a claim of unreasonable seizure in violation of the Fourth Amendment. But here, Coffey has not shown that Owen was acting under the color of state law. Coffee did not establish that Spectrum Police

---

[4] To the extent that Coffey intends to assert a state law claim of intentional infliction of emotional distress, that claim is addressed below.

is a state police force or a private force "endowed by law with plenary police powers" such that Owen is a "de facto police officer[]" qualifying as a state actor. *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 637 (6th Cir. 2005).[5] And Coffey's claim against Unknown Party #3 for "brutally" twisting her arm fails for the same reason. (ECF No. 1, PageID.4, 9.) Although Coffey alleges the Unknown Party was a Spectrum Police Officer, she does not establish that he is a state actor.

To the extent that Coffey seeks to assert a claim against the Spectrum Police as an entity based on the conduct of its officers, the undersigned reiterates that she has not shown that Spectrum Police is a state or municipal entity. But even if Coffey had shown that Spectrum Police is a state entity, the Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And even had Coffey shown that Spectrum Police is a municipal entity, Coffey has not alleged that a custom, policy, or practice attributable to the municipality was the "moving force" behind a violation of her rights. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Finally, Coffey claims that Sapp "failed to adequately manage and cause an OGC which went undiagnosed & untreated." (ECF No. 1, PageID.4, 9.) Here, Coffey once again sets forth conclusory allegations — not allegations of specific conduct. She

---

[5] Because Coffey has not shown that Officer Owen is a state actor, the undersigned need not consider whether Coffey has standing to enforce her son's Fourth Amendment rights.

9

also fails to establish that Sapp was working under the color of state law, or that he violated a federal constitutional or statutory right.

For the foregoing reasons, the undersigned respectfully recommends that this Court dismiss all of Coffey's purported § 1983 claims against Leavenworth, Ross, Unknown Party #4, the City of Munson, Gudelsky, Owen, Unknown Party #3, Spectrum Police, and Sapp.

### c. Bivens Claims

In addition to state actors, Coffey purports to assert claims against federal actors in her complaint. (ECF No. 1, PageID.3.)

Under *Bivens*, there are certain circumstances in which an individual may sue federal officers for money damages arising out of the officers' violation of their rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of federal law. *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (quoting *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir.2000)).

Coffey asserts that federal actors violated her privacy rights and her rights under HIPAA. (ECF No. 1, PageID.3.) Based on the allegations in her complaint, it seems that Coffey intended to assert that Gudelsky was acting under the color of federal law. But a *Bivens* claim against Gudelsky fails for nearly the same reasons a § 1983 claim fails — Coffey has not shown that Gudelsky was acting under the color

of federal law, nor that she violated a federal statutory or constitutional right. As such, the undersigned respectfully recommends that the Court dismiss Coffey's purported *Bivens* claims against Gudelsky.

### d. State law claims

Liberally construing Coffey's complaint leads to the conclusion that Coffey may have intended to raise state law claims including the intentional or negligent infliction of emotional distress and unlawful imprisonment. To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state law claim, the undersigned respectfully recommends that the Court decline to do so. In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.

### IX. Recommendation

The undersigned respectfully recommends that the Court dismiss Coffey's

11

complaint as frivolous and for failure to state a claim upon which relief may be granted. To the extent that Coffey seeks to assert state law claims, the undersigned recommends that the Court decline to exercise its supplemental jurisdiction. If the Court accepts this recommendation, the case will be dismissed.

Dated:  April 10, 2022                               /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).